# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSEIN ALI KIETTY,<br><br>   Plaintiff,<br><br>v.<br><br>A. WALKER, et al.,<br><br>   Defendants. | Case No.: 1:13-cv-00312-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 40] |

Plaintiff Hussein Ali Kietty is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 1, 2015, Plaintiff filed a motion for appointment of counsel. Plaintiff previously requested appointment of counsel in this case which was denied on September 23, 2014. (ECF Nos. 24, 26.)

As Plaintiff was advised previously, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court finds that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff is proceeding on a claim of excessive force and the legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in the complaint.

While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.") Plaintiff's lack of education, lack of resources, and limited access to the law library do not demonstrate exceptional circumstances. This Court is faced with cases brought by prisoners in similar circumstances almost daily. In addition, Plaintiff's assertions regarding presenting evidence and cross-examining witnesses at a future trial does not present an exceptional circumstance warranting appointment of counsel.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **June 2, 2015**

UNITED STATES MAGISTRATE JUDGE