UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSEIN ALI KIETTY,<br><br>   Plaintiff,<br><br>   v.<br><br>A. WALKER, et al.,<br><br>   Defendants. | Case No.: 1:13-cv-00312-DAD-SAB (PC)<br><br>ORDER DENYING DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER AND DENYING MOTION SUMMARY JUDGMENT AS UNTIMELY<br><br>[ECF Nos. 58, 59] |

Plaintiff Hussein Ali Kietty is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to modify the scheduling order and leave to file a motion for summary judgment, filed May 13, 2016. (ECF No. 58.) On this same date, Defendants filed a motion for summary judgment. (ECF No. 59.)

## I.

## PROCEDURAL BACKGROUND

Plaintiff filed this action on March 5, 2013. After screening the complaint, the Court found that Plaintiff stated a cognizable excessive force claim against Defendants Walker, Astorga, Deathriage, Brumbagh, Duty, Rumbles, and Silva, and directed service by the United States Marshal on March 25, 2014. (ECF Nos. 12, 14.) In the order directing service, the Court inadvertently neglected to order service on Defendant Rumbles.

1

1  On May 30, 2014, Defendants Astorga, Brumbagh, Deathriage, Duty, Silva, and Walker filed
2  an answer to the complaint. (ECF No. 15.) On June 2, 2014, the Court issued the discovery and
3  scheduling order, setting the discovery and dispositive motion deadline for February 2, 2015 and April
4  13, 2015, respectively.
5  On July 17, 2014, Plaintiff moved for leave to file an amended complaint, which was granted
6  on August 28, 2014. (ECF Nos. 17, 22.)
7  On October 7, 2014, the Court screened Plaintiff's first amended complaint and directed
8  Defendants to file a response within thirty days. (ECF No. 27.) On November 5, 2014, Defendants
9  filed an answer to the amended complaint, with the exception of the as-of-then unserved Defendant
10 Rumbles. (ECF No. 28.)
11 The dispositive motion deadline expired on April 13, 2015, and no dispositive motion was filed
12 by Defendants.
13 On April 24, 2015, the Court issued an order regarding consent/decline to United States
14 magistrate judge jurisdiction, and noted that the dispositive motion had expired and no motion had
15 been filed. (ECF No. 34.) The Court also noted that although Plaintiff had filed an amended
16 complaint in the interim of the issuance of the discovery and scheduling order, the Court did not issue
17 a new discovery and scheduling order and the June 2, 2014, order remained in full force and effect.
18 (Id.)
19 On July 23, 2015, the Court ordered service on Defendant Rumbles as service had not yet been
20 ordered by the Court. (ECF No. 43.) Following service of the first amended complaint, Defendant
21 Rumbles filed an answer on October 6, 2015. (ECF No. 46.) On October 7, 2015, the Court issued a
22 discovery and scheduling order as to Defendant Rumbles only. (ECF No. 47.)
23 On February 1, 2016, Plaintiff moved to dismiss Defendant Rumbles and proceed solely
24 against the remaining Defendants. (ECF No. 50.) Defendants filed a statement of non-opposition to
25 Plaintiff's motion to dismiss Defendant Rumbles on March 17, 2016, and Defendant Rumbles was
26 dismissed from the action on March 22, 2016. (ECF Nos. 54, 55.)
27 On March 31, 2016, the Court set this case for a settlement conference on June 22, 2016, at
28 10:00 a.m. before Magistrate Judge Barbara A. McAuliffe in Courtroom 8.

As previously stated, on May 13, 2016, Defendants Astorga, Brumbagh, Deathriage, Duty, Silva and Walker filed a motion for modification of the scheduling order and leave to file a motion for summary judgment, along with a motion for summary judgment. (ECF Nos. 58, 59.) Although the deadline to file an opposition has not yet expired under Local Rule 230(l), because the Court finds that Defendants have failed to present good cause to modify the scheduling order, the Court finds that no prejudice will result to Plaintiff by ruling on Defendants' motion prior to such deadline.

## II.
## DISCUSSION

Defendants contend that they "have been diligent in litigating this matter, in that prior to the original April 13, 2015 dispositive motion deadline, defense counsel held a good-faith belief that the Court would modify the dispositive motion deadline for all parties following service of the First Amended Complaint upon Defendant Rumbles." (Mot. at 5:21-24, ECF No. 58.)

As an initial matter and contrary to Defendants' claim, Defendant Rumbles has been dismissed from this action pursuant to Plaintiff's request and over no objection by Defendant. (ECF Nos. 50, 54, 55.) Thus, there is no basis to move for summary judgment in favor of Defendant Rumbles. Further, Defendants' arguments for modification of the previous scheduling order are not well-taken. At the time the Court allowed Plaintiff to amend the complaint the deadline for filing a dispositive motion had not yet expired, and when Defendant Rumbles filed an answer to the complaint the dispositive motion deadline had expired eight months prior. The Court does not find "good cause" to modify the dispositive motion previously set and now expired over a year ago.

Even assuming Defendants operated under the belief that the Court would modify the dispositive motion deadline following service upon Defendant Rumbles, the Court's April 24, 2015 order specifically stated that although Plaintiff had filed an amended complaint in the interim of the issuance of the initial discovery and scheduling order, the Court did not issue a new discovery and scheduling order and the June 2, 2014, order (setting dispositive deadline for April 13, 2015) remained in full force and effect. (ECF No. 35.) In addition, after Defendant Rumbles was served and filed an answer to the amended complaint, the Court's October 7, 2015, subsequent discovery and scheduling order specifically applied to Defendant Rumbles only. (ECF No. 47.) Defendants cannot now claim

in May 2016 (seven months thereafter), that they operated under the mistaken belief that the Court would extend the deadline as to all Defendants after Defendant Rumbles was served and answered the complaint.  (ECF No. 47.)

By waiting until May 2016, well after Defendants clearly had knowledge of the expiration of the April 13, 2015, dispositive motion deadline, the Court cannot find good cause to modify the scheduling order.  Defendants are simply attempting to bootstrap an extension of the dispositive motion deadline to the deadlines made applicable to Defendant Rumbles only-who is no longer a party to this action.  While it is unfortunate that the dispositive motion deadline expired and no dispositive motion was filed on behalf of Defendants Brumbaugh, Walker, Silva, Astorga, Deathriage, and Duty, such circumstance does not justify an extension of the deadline.  Accordingly, Defendants' motion to modify the scheduling order shall be denied, and the motion for summary judgment shall be denied as untimely.

### III.
### ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to modify the scheduling order is DENIED; and
2. Defendants' motion for summary judgment is DENIED as UNTIMELY.

IT IS SO ORDERED.

Dated:   **May 24, 2016**

UNITED STATES MAGISTRATE JUDGE