**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HUSSEIN ALI KIETTY,<br><br>       Plaintiff,<br><br>       v.<br><br>A. WALKER, et al.,<br><br>       Defendants. | Case No.: 1:13-cv-00312-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S FOURTH MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 78] |

Plaintiff Hussein Ali Kietty is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the United States Magistrate Judge. Local Rule 302.

Currently before the Court is Plaintiff's fourth motion for appointment of counsel, filed October 24, 2016. Plaintiff requests appointment of counsel because he is indigent, has limited access to the law library, and trial in this action will likely involve conflicting testimony.

On November 29, 2016, the Court held a hearing for purposes of setting the trial dates in this matter. At the hearing, Plaintiff notified the Court that he has retained counsel, but counsel has yet to make an appearance on the record. Thus, based on Plaintiff's representation that he has counsel, his present for appointment of counsel is moot. Plaintiff was advised by the Court that counsel has yet to make an appearance in the case and until such counsel does he still is in pro persona. For that reasons, the Court will analyze Plaintiff's request as if he had no counsel. For the reasons explained below, the Court does not find exceptional circumstances for appointment of counsel in this case.

///

///

1

1  ///

2  ///

3        As Plaintiff is well aware, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.  Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

      The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  Furthermore, the fact that Plaintiff is proceeding in forma pauperis does not entitle him to counsel.  While a prose litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist.  Rand, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better – particularly in the realm of discovery and the security of expert testimony.")  In sum, the Court finds Plaintiff's

27  ///

28  ///

reasons for requesting appointment of counsel indistinguishable from the reasons asserted by most prisoners. Accordingly, Plaintiff's fourth motion for the appointment of counsel is DENIED, for the reasons explained herein.

IT IS SO ORDERED.

Dated: __November 30, 2016__

UNITED STATES MAGISTRATE JUDGE