UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSEIN ALI KIETTY,<br><br>    Plaintiff,<br><br>    v.<br><br>A. WALKER, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-00312-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES AT TRIAL<br><br>[ECF No. 103] |

Plaintiff Hussein Ali Kietty is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 302.

Currently before the Court is Plaintiff's amended motion for the attendance of incarcerated witnesses at trial, filed February 27, 2017.  Defendants filed an opposition on March 21, 2017.  Plaintiff did not file a reply, and the motion is deemed submitted for review without oral argument.  Local Rule 230(l).

**I.**

**DISCUSSION**

The uncertainty regarding whether or not the proposed witnesses are willing to testify voluntarily does not preclude this Court from ordering their transportation.  "Both sides in a trial have the right to call witnesses, and the power to compel witness testimony is essential to our system of

justice." Barnett v. Norman, 782 F.3d 417, 422 (9th Cir. 2015).  A judge cannot "allow a witness to refuse to testify because he would prefer not to answer a question." Id.  "The public's interest in full disclosure and the fair administration of justice overrides concerns that testimony might be inconvenient, burdensome, or harmful to a witness's social or economic status." Id.

Rather, in determining whether to grant Plaintiff's motion for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, and (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted.  Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

Plaintiff requests the attendance of following three inmate-witnesses: (1) P. Brimmer, CDCR #P35825 (presently incarcerated at Kern Valley State Prison [KVSP] in Delano, California); (2) W. Green, CDCR #P54091 (currently incarcerated at the Substance Abuse and Treatment Facility and State Prison, Corcoran [SATF-CSP]); and (3) R. Steven Edwards, CDCR #V13645 (currently incarcerated at SATF-CSP).  Plaintiff states that the witnesses are willing to testify voluntarily.  (Mot. at 1, ECF No. 103.)   Plaintiff submits the declarations signed by inmates P. Brimmer and W. Green, but does not present a declaration by inmate R. Steven Edwards.

This action is proceeding against Defendants Walker, Deathriage, and Silva for failure to protect, against Defendants Walker, Asotrga, Deathriage, Brumbaugh, Silva and Duty for excessive force, and against Defendants Deathriage and Silva for retaliation.

1. Inmates P. Brimmer and W. Green

Plaintiff submits declarations signed by P. Bimmer and W. Green.  Both inmate declarations indicate that they were housed at Pleasant Valley State Prison on the day in question, May 25, 2012, and observed the alleged use of excessive force upon Plaintiff by Defendants.

Defendants submit that both declarations are written in the same handwriting and contain nearly identical statements regarding events of May 25, 2012.  In addition, the declarations are limited to alleged conversations between each inmate and Plaintiff regarding injuries that Plaintiff had nearly two months after the incident in question took place.

Defense counsel submits that that based on a brief phone call, these witnesses appear to have information that could possibly further Plaintiff's case, but it is unclear if the information is based on their personal knowledge of the specific acts of misconduct alleged. (Mohmoud Decl. at ¶¶ 3-4.) Counsel submits that Mr. Green denied ever signing a declaration for this case. (Id. ¶ 5.) Counsel argues that "[t]he fact that both declarations are written in the same handwriting, and that at least one witness denies ever signing a declaration, puts in question the authenticity of the declarations and the viability of the information in them.  Even assuming the declarations are authentic, the content of the declarations alone indicates that these witnesses allegedly saw injuries that appeared on Plaintiff's face two months after the incident in question took place, and nothing more." (Mot. at 3:20-24, ECF No. 105.)

Defendants also oppose Plaintiff's motion on the ground that it is unclear whether witnesses Brimmer and Green will testify voluntarily.  Counsel declares that both Mr. Brimmer and Green stated that they did not want to testify in court, and denied having any knowledge of an upcoming trial. (Mohmoud Decl. ¶ 6.)  Defendants request that Plaintiff communicate with his prospective witnesses in order to clarify whether they are willing to testify and should be transported to the Court.

Based on the declarations submitted by Plaintiff, the Court finds that inmates Brimmer and Green have testimony that will substantially further the resolution of this case and they should be transported to Court for trial.  While the declarations themselves do not indicate whether the witnesses will appear voluntarily and counsel submits that both witnesses indicated they did not want to testify in court, such circumstances are not dispositive on whether they should be transported to court for trial proceedings.  Plaintiff is entitled to an attempt at having these witnesses appear at trial and testify. This is particularly so given that inmates are not entitled to freely communicate with one another, and

the ability of Plaintiff to contact and communicate to his inmate witnesses may not be feasible. Cal. Code Regs. tit. 15, § 3139.

      2.    <u>Inmate R. Steven Edwards</u>

Plaintiff fails to submits a declaration by inmate R. Steven Edwards or a declaration by Plaintiff that this inmate witness has actual knowledge of facts that will substantially further the resolution of this case. In addition, the Court will not permit duplicative and cumulative testimony of the same testimony that is anticipated from Plaintiff and inmates Brimmer and Green. Fed. R. Evid. 403; <u>Wiggins</u>, 717 F.3d at 468 n.1. Although defense counsel declares that Mr. Edwards stated he is willing to testify on Plaintiff's behalf, there is insufficient information before the Court to demonstrate that inmate R. Steven Edwards has personal knowledge of relevant information about the specific incidents in question, and Plaintiff's motion shall be denied.

## II.

## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's motion for the attendance of inmates P. Brimmer, CDCR #P35825 and W. Green, CDCR #P54091 is granted;

2.    Plaintiff's motion for the attendance of inmate R. Steven Edwards, CDCR #V13645, is denied; and

3.    The Court will issue the necessary transportations orders for Plaintiff and inmates Brimmer and Green in due course.

IT IS SO ORDERED.

Dated: **April 6, 2017**

UNITED STATES MAGISTRATE JUDGE